## ADRIANCE, PLATT & CO. v. KELLEY.

(Supreme Court, Appellate Division, Third Department. January 18, 1916.)

1. PRINCIPAL AND SURETY ☞83—LIABILITY—DEPARTURES FROM CONTRACT.

A sales agent guaranteed payment to plaintiff of all machines sold by him and of all notes taken on account, and agreed that all notes should contain either the indorsement of a responsible party or a property statement showing the maker to be worth at least $1,500 in unincumbered real estate. Defendant guaranteed the agent's performance. *Held* that, as defendant was either a surety or a guarantor, she is not liable if there has been a departure from the contract, whether it was injurious or not, and so, where plaintiff accepted notes in payment of machines, though they did not contain the indorsement of a responsible party or the required property statement, defendant cannot be held liable.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 129, 130; Dec. Dig. ☞83.]

2. PRINCIPAL AND SURETY ☞161—LIABILITY OF SURETY—EVIDENCE.

One who guaranteed performance of a sales agent's agreement that he would guarantee payment of all machines sold by him and of all notes

taken on account of such sales, is not liable for notes held by the seller without proof that such notes were received by the sales agent on account of sales.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 85, 439–441; Dec. Dig. ☜161.]

Woodward, J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Adriance, Platt & Co. against Margaret Kelley. From a judgment for plaintiff on report of a referee, defendant appeals. Reversed and remanded.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Abbott & Dolan, of Gouverneur (Vasco P. Abbott, of Gouverneur, of counsel), for appellant.

D. R. P. Parker, of Hermon (Waterman & Waterman, of Ogdensburg, of counsel), for respondent.

COCHRANE, J. The complaint contains two causes of action. It is alleged in the first cause of action that on or about the 8th day of December, 1903, the plaintiff and Frank L. Kelley entered into an agreement whereby the plaintiff employed said Kelley as its agent for the sale of agricultural implements, and said Kelley agreed among other things to guarantee the payment to the plaintiff of all machines sold by him and of all notes taken on account thereof under said agreement, and that all notes should be made payable at bank "and contain either the indorsement of .a responsible party, or a property statement showing the maker to be worth at least $1,500 in unincumbered real estate"; also to make settlement with purchasers on delivery or acceptance of machines under warranty, and to report all sales, and remit proceeds to the plaintiff promptly, and to make final settlement on or before the 1st day of September, 1904. It is further alleged that in consideration of the plaintiff entering into said agreement with said Kelley the defendant executed and delivered to the plaintiff an instrument in writing whereby she guaranteed the performance of said first-mentioned agreement on the part of said Frank L. Kelley, "and the payment by him of all moneys and notes given as therein mentioned." It is further alleged that under said first-mentioned agreement said Frank L. Kelley took certain notes of purchasers of agricultural instruments, which notes were guaranteed by him to the plaintiff, and the complaint in its said first cause of action contains a statement of the amount due and unpaid on said notes, and concludes as follows:

"No part of which has been paid, although payment thereof before this action was duly demanded of the said defendant and said Frank L. Kelley, who failed and neglected to fulfill said first-mentioned agreement on his part in other respects, to wit, in procuring said notes to be indorsed by a responsible party or in procuring a property statement showing the makers to be worth, respectively, at least $1,500, in unincumbered real estate, neither of which was done, to the damage of the plaintiff in the sum of $199.74 of principal and interest as aforesaid."

[1] The evidence as to the first cause of action follows the allegations of the complaint, and it seems to me to be clearly insufficient to establish liability against the defendant. It will be conceded by all that the defendant's obligation, being that of a surety or guarantor, is strictissimi juris, and she cannot be made liable on her contract if there has been any substantial departure therefrom, and the court will not inquire whether it is or is not to her injury. Page v. Krekey, 137 N. Y. 307, 314, 33 N. E. 311, 21 L. R. A. 409, 33 Am. St. Rep. 731. The contract of the plaintiff with Frank L. Kelley, and which contract the defendant guaranteed, provided that all notes should either be indorsed or contain a statement showing the makers thereof to be worth at least $1,500 in unincumbered real estate. And both the complaint and the evidence show that the notes which are made the basis of this first cause of action, and for which the defendant has been held liable, did not comply with the contract because they were not indorsed, nor did they have the property statement as required by the contract. There has been a very material and important departure from the contract in respect to these notes in question. Of course the plaintiff was not obliged to accept these notes, and might have stood upon its contract; but, having accepted them in the form in which they were executed, it has accepted and is now seeking to enforce against the defendant obligations for which she has not agreed to become responsible.

[2] The second cause of action alleged in the complaint is based on a contract between the plaintiff and Frank L. Kelley, and guaranteed by the defendant, which contract is similar to the one alleged in the first cause of action; but it differs materially, in that it does not contain the provision that notes accepted shall either be indorsed or contain the property statement, and consequently this branch of the case is not open to the criticism heretofore made. There is, however, no evidence authenticating the signatures of the makers of any of these notes. Neither is there any evidence that the notes were taken under the contracts alleged in the complaint, which were guaranteed by the defendant. The plaintiff called Frank L. Kelley as its witness, and he not only failed to identify the signatures of the makers of the notes, but also in respect to many of the notes testified that he never had any conversation with the makers about the transactions. Objections to the admissibility of these notes in evidence were duly taken at the trial. Non constat the notes were taken and accepted by the plaintiff under some other contract for which the defendant is in no way responsible. There seems to be a failure of proof in respect to the entire case.

It follows that the judgment should be reversed, the referee discharged, and a new trial granted, with costs to the appellant to abide the event. All concur, except WOODWARD, J., dissenting.